FILED
US DISTRICT COURT
STATESBORO DIV.
2013 MAR 14 P 1:
C. Robinson
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

DARIUS ISHUN GREEN,

    Plaintiff,

v.

BRAD HOOKS; JOHN BROWN;
and LT. GRUBBS,

    Defendants.

CIVIL ACTION NO.: CV613-017

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Georgia State Prison in Reidsville, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement while he was housed at Rogers State Prison in Reidsville, Georgia. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff asserts that he is a transgender inmate, is undergoing hormone therapy, and has a feminine appearance. Plaintiff contends that he informed Defendants that Rogers State Prison was not a safe place to house inmates like he is. Plaintiff alleges that another inmate sexually assaulted him after he (Plaintiff) informed Defendant Hooks of his concern about his safety. Plaintiff also alleges that he was placed in protective custody with this same inmate, who once again sexually assaulted him. According to Plaintiff, all three (3) Defendants failed to take reasonable steps to ensure his safety. Plaintiff names Defendants in both their individual and official capacities.

Plaintiff's claims against the individually named Defendants in their official capacities should be dismissed. A lawsuit against officials in their official capacities is no different from a suit against the government itself; such defendants are immune. Smith v. Fla. Dep't of Corr., 318 F. App'x 726, 728 (11th Cir. 2008) (citing Powell v.

2

Barrett, 496 F.3d 1288, 1308 & n.27 (11th Cir. 2007)). Thus, Plaintiff's claims against Defendants in their official capacities should be **DISMISSED**.

However, the Eighth Amendment imposes duties on prison officials such as the duty to take reasonable measures to ensure the safety of inmates. Farmer v. Brennan, 511 U.S. 825, 828 (1994). This right to safety is violated when prison officials show a deliberate indifference to a substantial risk of serious harm. Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003) (citing Farmer, 511 U.S. at 828).

These allegations, when read in a light most favorable to the Plaintiff, arguably state colorable claims for relief under 42 U.S.C. § 1983 and 28 U.S.C. § 1915A against Defendants Hooks, Brown, and Grubbs. A copy of Plaintiff's Complaint and a copy of this Order shall be served upon Defendants Hooks, Brown, and Grubbs by the United States Marshal without prepayment of cost. If any Defendant elects to file a Waiver of Reply, then he must file either a dispositive motion or an answer to the complaint within thirty (30) days of the filing of said Waiver of Reply.

## INSTRUCTIONS TO DEFENDANTS

Since the Plaintiff is authorized to proceed *in forma pauperis*, service must be effected by the United States Marshal. FED. R. CIV. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to Defendants by first-class mail and request that the Defendants waive formal service of summons. FED. R. CIV. P. 4(d); Local Rule 4.7. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. FED. R. CIV. P. 4(d)(2). Generally, a

AO 72A
(Rev. 8/82)

defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver. FED. R. CIV. P. 4(d)(3).

IT IS FURTHER ORDERED that Defendants are hereby granted leave of court to take the deposition of the Plaintiff upon oral examination. FED. R. CIV. P. 30(a). Defendants shall ensure that the Plaintiff's deposition and any other depositions in the case are taken <u>within the 140-day discovery period</u> allowed by this court's local rules.

In the event that Defendants take the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30 as set forth herein. As the Plaintiff will likely not be in attendance for such a deposition, Defendants shall notify Plaintiff of the deposition and advise him that he may serve on Defendants, in a sealed envelope, within ten (10) days of the notice of deposition, written questions the Plaintiff wishes to propound to the witness, if any. Defendants shall present such questions to the witness seriatim during the deposition. FED. R. CIV. P. 30(c).

## INSTRUCTIONS TO PLAINTIFF

IT IS FURTHER ORDERED that Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon their attorney(s), a copy of every further pleading or other document submitted for consideration by the court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendants or their counsel. FED. R. CIV. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." FED. R. CIV. P. 10(a).

AO 72A
(Rev. 8/82)

Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a caption or a certificate of service will be disregarded by the court and returned to the sender.

Plaintiff is charged with the responsibility of immediately informing this court and defense counsel of any change of address during the pendency of this action. Local Rule 11.1. Failure to do so may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendants, Plaintiff must initiate discovery. See generally FED. R. CIV. P. 26, *et seq.* Plaintiff does not need the permission of the court to begin discovery, and Plaintiff should begin discovery promptly and complete it within 120 days after the filing of the answer. Local Rule 26.1.

Interrogatories are a practical method of discovery for incarcerated persons. See FED. R. CIV. P. 33. Interrogatories may be served only on a party to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not named as Defendants. Interrogatories shall not be filed with the court. Local Rule 26.6. Interrogatories are not to contain more than twenty-five (25) questions. FED. R. CIV. P. 33(a). If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorney(s) for Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. FED. R. CIV. P. 26(c); 37(a)(2)(A); Local Rule

AO 72A
(Rev. 8/82)

26.7. Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty ($.50) cents per page.

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. FED. R. CIV. P. 41; Local Rule 41.1.

It is the Plaintiff's duty to cooperate fully in any discovery which may be initiated by Defendants. Upon no less than five (5) days notice of the scheduled deposition date, the Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is required to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the court.

**ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT**

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local Rule 7.5.

Therefore, if you fail to respond to a motion to dismiss, the Court will assume that you do not oppose the Defendants' motion.

Your response to a motion for summary judgment must be filed within twenty one (21) days after service of the motion. Local Rules 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in the Defendants' statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should Defendants file a motion for summary judgment, you are advised that you will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should the Defendants' motion for summary judgment be supported by affidavit, you must file counter-affidavits if you desire to contest the Defendants' statement of the facts. Should you fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, the consequences are these: any factual assertions made in Defendants' affidavits will be accepted as true and summary judgment will be entered against the Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 14th day of March, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE