IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 JUL 18 A 9 30

CLERK_____
SO. DIST. OF GA

DARIUS ISHUN GREEN,

    Plaintiff,

v.

BRAD HOOKS; JOHN BROWN; and TORIE GRUBBS,

    Defendants.

CIVIL ACTION NO.: CV613-017

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at the Atlanta Transitional Center, filed a cause of action pursuant to 42 U.S.C. § 1983, contesting certain conditions of his confinement while he was housed at Rogers State Prison in Reidsville, Georgia. Defendants filed a Motion to Dismiss. Plaintiff filed a Response. Defendants filed a Reply. Plaintiff filed a Surreply. For the reasons which follow, Defendants' Motion should be **DENIED**.

## STATEMENT OF THE CASE

Plaintiff asserts that he is a transgender inmate, is undergoing hormone therapy, and has a feminine appearance. Plaintiff contends that he informed Defendants that Rogers State Prison was not a safe place to house inmates like he is. Plaintiff alleges that another inmate sexually assaulted him after he (Plaintiff) informed Defendant Hooks of his concern about his safety. Plaintiff also alleges that he was placed in protective custody with this same inmate, who once again sexually assaulted him.

According to Plaintiff, all three (3) Defendants failed to take reasonable steps to ensure his safety.

Defendants assert that Plaintiff fails to state a plausible Eighth Amendment claim against them. In the alternative, Defendants assert that they are entitled to qualified immunity. Defendants Hooks and Brown allege that they cannot be held liable based on their supervisory positions.

## **STANDARD OF REVIEW**

Under a Rule 12(b)(6) motion to dismiss, a court must "accept[ ] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." Belanger v. Salvation Army, 556 F.3d 1153, 1155 (11th Cir. 2009). "A complaint must state a facially plausible claim for relief, and '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" does not suffice. Ashcroft, 556 U.S. at 678.

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal punctuation and citation omitted). While a court must accept all factual allegations in a complaint as true, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. Id.

2

## DISCUSSION AND CITATION TO AUTHORITY

I.  **Deliberate Indifference**

Defendants assert that Plaintiff's assertions, construed liberally, reveal that Defendant Hooks was aware that Plaintiff had a generalized fear for his life based on the design of Rogers State Prison, which Plaintiff contends was dangerous for transgender inmates. Defendants contend that Plaintiff failed to make Defendant Hooks aware of a specific threat from inmate Ricard or that he (Plaintiff) feared inmate Ricard prior to his request for protective custody or the alleged assault by Ricard. Likewise, Defendants allege that Plaintiff's assertions against Defendants Brown and Grubbs do not establish that these Defendants were deliberately indifferent to a serious risk of harm to Plaintiff. Defendants aver that Plaintiff makes no allegation that he informed Defendant Grubbs in any way that Ricard was a specific threat to him or that Plaintiff feared Ricard and that, without this knowledge, Defendant Grubbs could not have been aware of a substantial risk of serious harm to Plaintiff. Defendants also aver that Defendant Brown did not order that Plaintiff be placed in protective custody, nor did Defendant Brown place Plaintiff in protective custody with Ricard.

Plaintiff responds that his assertion that Defendant Hooks was aware that Plaintiff had a "fear for his life" and that informing Defendant Hooks that the prison is dangerous for transgender inmates gave Defendant Hooks actual knowledge of a substantial risk of serious harm to Plaintiff. (Doc. No. 23, p. 2). Plaintiff asserts that Defendants did not need to be aware that he was "especially likely to be assaulted by [a] specific prisoner who eventually committed the assau[l]t." (Id. at p. 4). Plaintiff also asserts that he informed Defendant Hooks of the dangers at the prison between

3

September 2 and 11, 2012, and he was sexually assaulted on or before September 17, 2012. (Id.). Plaintiff states that he was in the general population until September 21, 2012. Plaintiff asserts that these facts reveal that Defendant Grubbs violated his Eighth Amendment rights: 1) Plaintiff requested placement in protective custody, which placed Defendant Grubbs on notice of a substantial risk of serious harm to Plaintiff's safety; 2) Defendant Grubbs placed Plaintiff on protective custody, which shows that Defendant Grubbs drew the inference that a substantial risk of serious harm existed; 3) Defendant Grubbs failed to take reasonable steps to abate the serious risk of harm Plaintiff faced after he (Defendant Grubbs) was subjectively aware of this risk; and 4) Defendant Grubbs' placement of Plaintiff in a cell with Ricard caused the assault because Ricard is a convicted rapist with multiple life sentences. Plaintiff contends that he made Defendant Brown aware that Ricard sexually assaulted him, and Defendant Brown failed to take any reasonable step to abate the substantial risk of serious harm Plaintiff was facing.

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety and health of prison inmates. "'To show a violation of [his] Eighth Amendment rights, [a p]laintiff must produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation.'" Smith v. Reg'l Dir. of Fla. Dep't of Corr., 368 F. App'x 9, 14 (11th Cir. 2010) (quoting Purcell ex rel. Estate of Morgan v. Toombs Co., Ga., 400 F.3d 1313, 1319 (11th Cir. 2005)). "To be deliberately indifferent a prison official must know of and disregard 'an excessive risk to inmate health or safety; the official must both be aware

AO 72A
(Rev. 8/82)

of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Id. (quoting Purcell, 400 F.3d at 1319-20). Whether a substantial risk of serious harm exists so that the Eighth Amendment might be violated involves a legal rule that takes form through its application to facts. All disputed facts are resolved in accord with the plaintiff's view of the facts. Purcell, 400 F.3d at 1320. However, "simple negligence is not actionable under § 1983, and a plaintiff must allege a conscious or callous indifference to a prisoner's rights." Smith, 368 F. App'x at 14.

"A substantial risk to a prisoner's safety may arise not only out of his individual situation, but out of an environment of longstanding and pervasive attacks to which all prisoners in his situation are exposed, and it may come from single or multiple sources." Staley v. Owens, 367 F. App'x 102, 107 (11th Cir. 2010) (citing Farmer v. Brennan, 511 U.S. 825, 842-43 (1994)). "Nevertheless, a defendant may avoid liability by showing that: (1) he was unaware of the underlying facts indicating a substantial risk; (2) he believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent; or (3) he responded reasonably to the risk, even if the harm ultimately was not averted." Id. (internal punctuation and citation omitted).

A review of the pleadings indicates that it is at least plausible that Defendants had subjective knowledge of a serious risk of harm to Plaintiff and that they acted with deliberate indifference to that serious risk. While it may come to pass that Plaintiff's Eighth Amendment claim cannot survive a motion for summary judgment, all he has to show at this time is that his contentions are at least plausible. Plaintiff has done so with

5

contentions that are more than threadbare recitals of a deliberate indifference claim, even if Plaintiff has not pled his facts as artfully as he could have.

## II. Qualified Immunity

Defendants assert that, even if Plaintiff sufficiently pled an Eighth Amendment claim, any violation was not so clearly established to preclude the granting of dismissal based on qualified immunity. Defendants allege that it is not clearly established that "complaints of prison design and vague indications of fear are sufficient" to put prison officials on notice of a specific substantial risk of harm to an inmate. (Doc. No. 20-1, p. 14). Defendants also allege that they responded reasonably to Plaintiff's complaints and his request for placement in protective custody. Plaintiff contends that Defendants had fair and clear warning that their conduct was unconstitutional. Plaintiff also contends that Defendants responded to his complaints in an objectively unreasonable manner.

Qualified immunity protects a government official performing discretionary functions from suit in his individual capacity, so long as his conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Gonzalez v. Reno, 325 F.3d 1228, 1232 (11th Cir. 2003) (quoting Hope v. Pelzer, 536 U.S. 730, 739 (2002)). A government official must first prove that he was acting within his discretionary authority. Id. at 1233; Ray v. Foltz, 370 F.3d 1079, 1081-82 (11th Cir. 2004). A government official acts within his discretionary authority if objective circumstances compel the conclusion that challenged actions occurred in the performance of the official's duties and within the scope of this authority. Gray ex rel. Alexander v. Bostic, 458 F.3d 1295, 1303 (11th Cir. 2006).

6

Once the government official has shown he was acting within his discretionary authority, the burden shifts to the Plaintiff to show that the Defendant is not entitled to qualified immunity. The Supreme Court has established a two-part test to determine the applicability of qualified immunity: the court must determine whether plaintiff's allegations, if true, establish a constitutional violation, and whether the right was clearly established." Saucier v. Katz, 533 U.S. 194, 201 (2001); Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1264 (11th Cir. 2004).

Accepting Plaintiff's allegations as true, he arguably sets forth a claim that Defendants were deliberately indifferent to a serious risk of harm to Plaintiff's safety. At the time giving rise to Plaintiff's allegations, it was clearly established that prison officials with subjective knowledge of a serious risk of harm to an inmate could not respond in an objectively unreasonable manner.

## III. Respondeat Superior

Defendants contend that Plaintiff fails to establish that Defendants Hook or Brown were involved in his placement in protective custody, much less placing Plaintiff in a cell with Ricard. Rather, Defendants contend, Plaintiff seeks to hold Defendants Hook and Brown liable solely based on their supervisory positions.

Plaintiff counters that he is not contending that Defendants Hook and Brown are liable for placing him in protective custody with Ricard. Plaintiff asserts that Defendants Hook and Brown are liable because they allowed Plaintiff to remain in the general population after they were made aware of the substantial risk of serious harm Plaintiff faced.

7

In section 1983 actions, liability must be based on something more than a theory of respondeat superior. Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. "To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct." Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011).

Plaintiff has set forth sufficient facts revealing that he does not wish to hold Defendant Hook or Defendant Brown liable based solely on their positions as supervisors. Instead, Plaintiff wishes to hold Defendants Hook and Brown liable based on their own actions.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion to Dismiss be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 18th day of July, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)

8